1

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   WILLIAM JOSEPH BABBITT,                    No.  2:22-cv-02196 DAD AC PS

11              Plaintiff,

12        v.                                    ORDER

13   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
14   REHABILITATION, et al.,

15              Defendants.

16

17        Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

18   undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma

19   pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C.

20   § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

21                              I.  SCREENING

22        The federal IFP statute requires federal courts to dismiss a case if the action is legally

23   "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

25   Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting

26   the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

27   The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

28   policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

1    Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and

2    plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this

3    court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled

4    to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief

5    sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.

6    Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in

7    the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),

8    Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

9    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

11   court will (1) accept as true all of the factual allegations contained in the complaint, unless they

12   are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

13   plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von

14   Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.

15   denied, 564 U.S. 1037 (2011).

16   The court applies the same rules of construction in determining whether the complaint

17   states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

18   must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

19   construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

20   less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

21   (1972).  However, the court need not accept as true conclusory allegations, unreasonable

22   inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

23   624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

24   to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

25   556 U.S. 662, 678 (2009).

26   To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

27   state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has

28   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

1   reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at

2   678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

3   to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.

4   Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in

5   Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

7        Plaintiff sues the California Department of Corrections and Rehabilitation ("CDCR") and

8   multiple correctional officers employed by CDCR.  ECF No. 1 at 1-4.  Plaintiff states his lawsuit

9   is brought for constitutional violations pursuant to 42 U.S.C. § 1983, stating that "Each defendant

10  participated in the deprivation of my rights while assigned as, Peace Officers."  Id. at 5.  Plaintiff

11  lists the alleged violations suffered as "8th Amendment 'cruel and unusual punishment,' 1st

12  Amendment 'Denial of Veterans Affairs Mail,' [and] 14th Amendment 'due process.'"  Id. at 3.

13       In his statement of facts, plaintiff alleges that on May 4, 2019, officers Lambert and

14  Howard abandoned their post and allowed drunk inmates to assault "several inmates."  Id.  He

15  alleges that on May 22, 2019, officers Howard, Becerra, and Maldanodo "denied the right to

16  correspond legally with Warden Eldridge."  Id.  He alleges that on June 24, 2019, Sargent Gomez

17  ordered multiple officers to use physical force on plaintiff while sitting in a medical chair with his

18  hands behind his back.  Id.  Finally, he alleges that on July 12, 2019, Lt. Munoz covered up

19  misconduct with a false narrative and refused to view unit cameras.  Id.  Plaintiff alleges he has

20  "proof from Veterans Affairs on a disc that they sent me showing that 3 letters were defaced and

21  rejected" though it is unclear what allegation this proffered evidence supports.  Id.  Plaintiff

22  alleges the violations have caused monetary damages, and that he has suffered financial hardships

23  now that he is on parole.  Id. at 6.  He seeks six million dollars in damages "due to the fact that so

24  many staff intentionally deprived me of my due process rights with the VA."  Id.

## III.  FAILURE TO STATE A CLAIM

26       Plaintiff's complaint cannot be served at this time because it does not comply with Federal

27  Rule of Civil Procedure 8 and because it fails to state a claim upon which relief can be granted.

28  ////

3

1      A.  Failure to Comply with Fed. R. Civ. P. 8

2          The complaint does not contain a "short and plain" statement setting forth the basis for

3  plaintiff's entitlement to relief, or the relief that is sought, even though those things are required

4  by Fed. R. Civ. P. 8(a)(1)-(3).  The exact nature of what happened to plaintiff is unclear from the

5  complaint, which contains apparently disconnected events and circumstances that are not clearly

6  connected to any violations of law or the alleged damages.  For example, plaintiff says he

7  suffered financial damages, but it is not clear where those damages come from or how they are

8  related to any of the apparently disconnected incidents listed in his complaint.  The court cannot

9  tell from examining the complaint what legal wrong was done to plaintiff, by whom and when, or

10  how any alleged harm is connected to the relief plaintiff seeks.

11      B.  Failure to State A Claim Upon Which Relief Can be Granted

12          Additionally, the complaint does not state a claim upon which relief can be granted.

13  Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or

14  immunities secured by the Constitution and laws of the United States."  Wilder v. Virginia Hosp.

15  Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source

16  of substantive rights, but merely provides a method for vindicating federal rights conferred

17  elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).  To state a claim under Section

18  1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or

19  laws of the United States was violated, and (2) that the alleged violation was committed by a

20  person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum

21  v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

22          As discussed above, a complaint must contain "a short and plain statement of the claim

23  showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  Detailed factual

24  allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

25  supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atl.

26  Corp., 550 U.S. at 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as

27  true, to state a claim to relief that is plausible on its face." Id.  Facial plausibility demands more

28  ////

4

1    than the mere possibility that a defendant committed misconduct and, while factual allegations

2    are accepted as true, legal conclusions are not.  Id. at 677-78.

3                          1.   Eighth Amendment Cruel and Unusual Punishment

4           Plaintiff alleges he was subjected to cruel and und unusual punishment in violation of the

5    Eighth Amendment.  ECF No. 1 at 3.  "The Eighth Amendment proscribes the infliction of cruel

6    and unusual punishment on prisoners.  To establish a viable claim of cruel and unusual

7    punishment and recover damages, a plaintiff must show: "(1) that the specific prison official, in

8    acting or failing to act, was deliberately indifferent to the mandates of the [E]ighth

9    [A]mendment[,] and (2) that this indifference was the actual and proximate cause of the

10   deprivation of the inmates' [E]ighth [A]mendment right to be free from cruel and unusual

11   punishment."  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (brackets added) (citation

12   omitted); see also Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997).  Whether a particular

13   event or condition in fact constitutes 'cruel and unusual punishment' is gauged against "'the

14   evolving standards of decency that mark the progress of a maturing society.'"  Schwenk v.

15   Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) (quoting Hudson v. McMillian, 503 U.S. 1, 8

16   (1992) ).

17          "To be cruel and unusual punishment, conduct that does not purport to be punishment at

18   all must involve more than ordinary lack of due care for the prisoner's interests or safety."

19   Whitley v. Albers, 475 U.S. 312, 319 (1986).  "It is obduracy and wantonness, not inadvertence

20   or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual

21   Punishments Clause, whether that conduct occurs in connection with establishing conditions of

22   confinement, supplying medical needs, or restoring official control over a tumultuous cellblock."

23   Whitley, 475 U.S. at 319.  "After incarceration, only the unnecessary and wanton infliction of

24   pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  Whitley,

25   475 U.S. at 319 (alteration in original) (internal quotation marks omitted) (quoting Ingraham v.

26   Wright, 430 U.S. 651, 670 (1977)).

27          Plaintiff's complaint as drafted is devoid of any facts that could constitute an incidence of

28   cruel and unusual punishment.  Plaintiff alleges that Sargent Gomez ordered multiple officers to

5

1   use physical force on him while he sat in a medical chair with his hands behind his back.  ECF

2   No. 1 at 3.  This allegation does not establish the kind of "wantonness" required to state an Eighth

3   Amendment claim.  Plaintiff's threadbare recitation of facts—which does not specify the orders

4   given, the type of force used, or the surrounding circumstances—fails to state a claim for

5   violation of his Eight Amendment rights.

6                       2.   First Amendment Denial of Mail

7          Plaintiff's complaint lists "1st Amendment 'Denial of Veterans Affairs Mail'" as a cause

8   of action.  ECF No. 1 at 3.  A prisoner has a First Amendment right to send and receive mail.

9   Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995), referencing Thornburgh v. Abbott, 490 U.S.

10  401, 407 (1989).  However, this right is subject to limitations; a prison may adopt regulations

11  which impinge on an inmate's constitutional rights if those regulations are "reasonably related to

12  legitimate penological interests."  Turner v. Safley, 482 U.S. 78, 89 (1987).  "[S]ecurity, order,

13  and rehabilitation" are legitimate penological interests.  Procunier v. Martinez, 416 U.S. 396, 413

14  (1974).  "When a prison regulation affects outgoing mail as opposed to incoming mail, there must

15  be a 'closer fit between the regulation and the purpose it serves.'"  Witherow, 52 F.3d at 265,

16  quoting Abbott, 490 U.S. at 412.  Here, plaintiff's allegations are too unclear to support a First

17  Amendment claim.  The only fact listed in the complaint that appears to relate to this cause of

18  action is that plaintiff received a disc from Veterans Affairs showing that "3 letters were defaced

19  and rejected."  Id. at 5.  It is unclear from the complaint whether plaintiff is referring to letters

20  that he attempted to send or letters that he was supposed to receive, or who allegedly defaced and

21  rejected the letters.  Plaintiff's threadbare allegations do not support a First Amendment claim.

22                      3.   Fourteenth Amendment Due Process

23         Plaintiff summarily alleges a Fourteenth Amendment due process violation.  ECF No. 1 at

24  3. Under the Due Process Clause of the Fourteenth Amendment, the state cannot "deprive any

25  person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  A

26  due process claim requires a constitutionally protected liberty or property interest.  Ingraham v.

27  Wright, 430 U.S. 651, 672 (1977).  "Constitutionally protected liberty interests can arise under

28  either state law or the Due Process Clause."  Duffy v. Riveland, 98 F.3d 447, 456-57 (9th Cir.

                                        6

1   1996) (citing Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).  State prisoners have a

2   protected liberty interest in their personal property, subject to due process protections.  Hansen v.

3   May, 502 F.2d 728, 730 (9th Cir. 1974).  Here, however, it is unclear what incident plaintiff

4   alleges constitutes a violation of his due process rights.  Plaintiff's threadbare complaint does not

5   provide enough facts to allege a claim for a Fourteenth Amendment due process violation.

6       Rather than recommending dismissal of the action, the undersigned will provide plaintiff

7   an opportunity to amend his complaint to provide facts sufficient to state a cognizable cause of

8   action.

9                    IV.  AMENDING THE COMPLAINT

10      If plaintiff chooses to amend the complaint, the amended complaint must contain a short

11   and plain statement of plaintiff's claims, including facts supporting each individual claim for

12   relief.  The allegations of the complaint must be set forth in  sequentially numbered paragraphs,

13   with each paragraph number being one greater than the one before, each paragraph having its own

14   number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph

15   should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above,

16   forms are available to help plaintiffs organize their complaint in the proper way.  They are

17   available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or

18   online at www.uscourts.gov/forms/pro-se-forms.

19      Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid

20   narrative and storytelling.  That is, the complaint should not include every detail of what

21   happened, nor recount the details of conversations (unless necessary to establish the claim), nor

22   give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should

23   contain only those facts needed to show how each defendant legally wronged the plaintiff.

24      The amended complaint must not force the court and the defendants to guess at what is

25   being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

26   (affirming dismissal of a complaint where the district court was "literally guessing as to what

27   facts support the legal claims being asserted against certain defendants").  The amended

28   complaint must not require the court to spend its time "preparing the 'short and plain statement'

7

1  which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not

2  require the court and defendants to prepare lengthy outlines "to determine who is being sued for

3  what." Id. at 1179.

4      Also, the amended complaint must not refer to a prior pleading to make plaintiff's

5  amended complaint complete.  An amended complaint must be complete without reference to any

6  prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint

7  supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc.,

8  555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original

9  complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57

10  (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and

11  the involvement of each defendant must be sufficiently alleged.

12                          V.  PRO SE PLAINTIFF'S SUMMARY

13      It is not clear that this case can proceed.  The court cannot tell from your complaint what

14  legal harm was done to you.  Because the complaint as written does not clearly tell the court what

15  was done to you, by whom and when, the court cannot tell if you are able to make any legal

16  claims.  Because of this, your complaint will not be served on defendants.  Your lawsuit cannot

17  proceed unless you fix the problems with your complaint.

18      You are being given 30 days to submit an amended complaint that provides a proper basis

19  for federal jurisdiction.  If you submit an amended complaint, it needs to explain in simple terms

20  what laws or legal rights of yours were violated, by whom and how, and how those violations

21  impacted each plaintiff.  Without this information, the court cannot tell what legal claims you are

22  trying to bring against the defendants.  If you do not submit an amended complaint by the

23  deadline, the undersigned will recommend that the case be dismissed.

24                              VI.  CONCLUSION

25      Accordingly, IT IS HEREBY ORDERED that:

26  1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

27  2.  Plaintiff shall have 30 days from the date of this order to file an amended complaint that

28      provides sufficient facts to state legal claims, as discussed above.  If plaintiff fails to

1    timely comply with this order, the undersigned may recommend that this action be

2    dismissed.

3    DATED: January 9, 2023

4                                                            _____
                                                            ALLISON CLAIRE
5                                                            UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28