UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOSEPH BABBITT,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:22-cv-02196 DAD AC PS<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. The action was accordingly referred to the undersigned for pretrial purposes by E.D. Cal. 302(c)(21). Plaintiff was previously authorized to proceed in forma pauperis ("IFP"). ECF No. 3; see 28 U.S.C. § 1915(a)(1). Plaintiff's initial complaint was found unsuitable for service pursuant to the screening process described below, and plaintiff was given an opportunity to amend. ECF No. 3. Now before the court for screening is plaintiff's First Amended Complaint. ECF No. 4.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

## II. THE AMENDED COMPLAINT

Plaintiff is a former California inmate who brings suit under 42 U.S.C. § 1983 against the California Department of Corrections and Rehabilitation ("CDCR"), the warden of the California

Health Care Facility, several correctional officers and a correctional counselor. He alleges that the defendants collectively violated his rights under the First and Eighth Amendments. ECF No. 4. Although the Amended Complaint does not specify discrete causes of action, it identifies two primary wrongs which the court construes as the factual bases for distinct claims.

First, plaintiff alleges that his "First Amendment right to receive personal incoming mail from a Federal Agency was violated" when, between 2018 and 2019, three incoming letters from Veterans Affairs were "defaced and rejected by blacking out the Plaintiffs name and address on the front…" Id. at 2. Plaintiff contends that this interference with his mail also violated the Eighth Amendment "due to the Plaintiff being a 100% Disabled Veteran due to his mental health…" Id. Plaintiff has since obtained copies of the letters from Veterans Affairs. Id. The complaint does not specify the content of the letters.

Second, plaintiff alleges that CDCR failed to notify the Veterans Benefits Administration of his release in 2019, which resulted in plaintiff not receiving his "100% Veteran Disability pay." Id. at 3. However, plaintiff also states that a "Cal Vet service officer interviewed Plaintiff prior to his release so [there was] no disruption in his benefits." Id. Plaintiff requests that he be "compensated for the damages cause by Staff Negligence" in the amount of $2,000,000. Id.

### III.  FAILURE TO STATE A CLAIM

A. General Considerations

Like the original complaint, the amended complaint is defective in numerous ways. First, as a state agency, CDCR is not a "person" who can be sued under Section 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Second, individual defendants can only be liable for constitutional violations they caused by their own actions or failures to act. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). The amended complaint, however, makes no allegations regarding the involvement of any defendant in the alleged violations of plaintiff's rights. Accordingly, the amended complaint states no Section 1983 claim against any defendant. See Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981) (complaint must allege in specific terms how each named defendant is involved).

////

B. <u>Failure to State a Claim for a Constitutional Violation</u>

More fundamentally, the facts set forth in the amended complaint do not support any constitutional claim. Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989). To state a claim under Section 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated, and that the alleged violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda County</u>, 811 F.2d 1243, 1245 (9th Cir. 1987).

1. <u>First Amendment</u>

As for the alleged interference with mail, the complaint does not identify facts that rise to the level of a First Amendment violation. The court liberally interprets the amended complaint to allege that the three defaced letters from the Veterans Administration were never delivered to plaintiff during his incarceration, and that he obtained copies only later. The complaint gives no indication of the content or import of these letters. Neither does the complaint indicate that the letters were returned to sender on the basis of some constitutionally suspect prison policy or custom. The complaint affirmatively describes the mishandling of the mail as "negligent."

Incarcerated persons have a First Amendment right to send and receive mail. <u>Witherow v. Paff</u>, 52 F.3d 264, 265 (9th Cir. 1995), referencing <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 407 (1989). However, this right is subject to limitations; a prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987). "[S]ecurity, order, and rehabilitation" are legitimate penological interests. <u>Procunier v. Martinez</u>, 416 U.S. 396, 413 (1974).

Here, petitioner has not alleged any unconstitutional regulation or custom restricting incoming mail, and there are no facts to suggest anything more than occasional discrete errors in

mail processing. Isolated instances of mail mishandling do not establish a constitutional violation. See Davis v. Goord, 320 F.3d 346, 351-352 (2d Cir. 2003); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999).[1] The fact that plaintiff did not receive three pieces of mail over a period of one to two years therefore does not support a constitutional claim.

### 2. Eighth Amendment

The amended complaint asserts that both the prison's alleged interference with mail from the VA and its failure to report plaintiff's release to the VA constituted cruel and unusual punishment. The Eighth Amendment prohibits both criminal sentences and conditions of confinement that are "cruel and unusual;" it does not apply by its terms to the matters plaintiff complains of, which involve neither the execution of his sentence nor the conditions of his confinement.

Moreover, where the Eighth Amendment does apply, it is violated only by conduct undertaken with a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297 (1991). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Whitley, 475 U.S. at 319. In contexts other than excessive force, the Eighth Amendment is violated only when officials act with deliberate indifference to an inmate's rights. See Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998) (a plaintiff claiming an Eighth Amendment violation must plead specific facts showing that each defendant acted with deliberate indifference, which is a subjective state of mind more culpable than negligence).

Plaintiff has alleged no facts that would establish deliberate indifference to his rights. To the contrary, the amended complaint refers to defendants' actions as negligent. ECF No. 4 at 3.

---

[1] The rule is different for legal mail, see Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211, 1212-1213 (9th Cir. 2017), which is not at issue here.

This defeats an Eighth Amendment claim as a matter of law.  See Farmer v. Brennan, 511 U.S. 825, 836-837 (1994) (negligence and even recklessness are insufficient to establish deliberate indifference).  Even disregarding plaintiff's characterization of defendant's actions, the complaint lacks facts indicating that any prison official deliberately prevented plaintiff and the VA from communicating with each other, let alone that any defendant did so with a culpable state of mind.

Finally, the failure of prison officials to notify the VA of plaintiff's release from custody implicates no federal constitutional right that can be vindicated through Section 1983.  Even if some prison regulation, California statute, or VA policy required notification—something that plaintiff does not allege—its violation would not support a § 1983 claim.  See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

## IV.  FURTHER LEAVE TO AMEND IS NOT APPROPRIATE

Although leave to amend should be liberally granted, at least in the first instance, it may be denied where amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  District courts have particularly broad discretion to dismiss without leave to amend where a plaintiff has amended once already.  See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009).  The failure to cure deficiencies by previously allowed amendment supports denial of further leave to amend.  See Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008); see also Foman v. Davis, 371 U.S. 178, 182 (1962).  In this case, plaintiff was provided the opportunity to amend his complaint, but has come no closer to stating a viable claim for relief.  Given the nature of plaintiff's grievances, it appears that further amendment would be futile.  Accordingly, the undersigned recommends dismissal without further leave to amend.

## V.  PRO SE PLAINTIFF'S SUMMARY

The magistrate judge is recommending that your case be dismissed.  The fact that you did not get three letters from the VA while you were in custody, and that the prison did not notify the VA of your release, do not show any violation of your constitutional rights.  You have 21 days to object to this recommendation.

## VI. CONCLUSION

For the reasons explained above, the undersigned recommends that the Amended Complaint (ECF No. 4) be DISMISSED without leave to amend for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 3, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE